No. 13860

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

THE STATE OF MONTANA,

             Plaintiff and Respondent,

     -vs-

LEONARD SMITH,

             Defendant and Appellant.

_____

Appeal from:  District Court of the Eleventh Judicial District,
              Honorable James M. Salansky, Judge presiding.

Counsel of Record:

    For Appellant:

        Astle and Astle, Kalispell, Montana
        David Astle argued, Kalispell, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Brenda J. Gilmer, Assistant Attorney General, argued,
         Helena, Montana
        Patrick Springer, County Attorney, Kalispell, Montana
        Stewart A. Pearce, II argued, Deputy County Attorney,
         Kalispell, Montana

                    _Thomas J. Kearney_
                            Clerk

                                            MAR 2  1978


            MAR 2 8 1978

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

Defendant Leonard Smith was charged by Information with the offenses of attempted sexual intercourse without consent upon a minor female, a felony, in violation of sections 94-4-103 and 94-5-503(3), R.C.M. 1947, and sexual assault upon a minor female, a felony, in violation of section 94-5-502(1), R.C.M. 1947. Defendant appeals from the judgment of the District Court, Flathead County, entered pursuant to the verdict of the jury, convicting him of both offenses.

On July 10, 1976, the prosecutrix, a juvenile 15 years of age, was asked by defendant's wife to babysit at defendant's residence in Kalispell, Montana. The prosecutrix arrived at approximately 7:00 p.m., accompanied by an 11 year old girl friend. Shortly thereafter, defendant and a companion, Dennis Pruttis, arrived at the residence. Although defendant and Pruttis initially planned to proceed to the bar where defendant's wife was employed, they remained at defendant's residence and drank beer. The prosecutrix also admitted drinking an amount of beer. At various times in the evening, defendant and the prosecutrix danced with and kissed each other.

The prosecutrix and Pruttis testified that, while dancing, defendant forced the prosecutrix to the floor, pulled down her pants and, while restraining her, unsuccessfully attempted sexual intercourse. Both witnesses testified the act was forceful, and against the will of the prosecutrix.

Defendant testified the sexual contact was encouraged by the dress and behavior of the prosecutrix and was, at all times,

- 2 -

with her consent. At trial, defendant raised the defense that he reasonably believed the prosecutrix to be above the age of 16, as a bar to statutory liability under section 94-5-501(2)(b)(iii), R.C.M. 1947.

At the close of testimony, the jury was instructed defendant was required to prove the defense of reasonable belief of age by a preponderance of the evidence, and that forced nonconsent was only an issue if defendant sustained the advanced defense. The jury found defendant did not reasonably believe the prosecutrix was above the age of 16, and returned verdicts convicting defendant of both offenses.

The narrow issue on appeal is: Did the District Court err in instructing the jury that defendant had the burden of proving the defense of reasonable belief of age by a preponderance of the evidence?

Defendant contends the instruction given by the trial court concerning the defense of reasonable belief of age improperly placed the burden of both asserting and proving the defense upon defendant. Rather, it is maintained a defendant charged with the crime of sexual intercourse without consent upon a minor, need only advance the defense, and raise a reasonable doubt regarding the issue of reasonable belief of age. We disagree with this contention.

The disputed instruction states, in part:

"* * * you are instructed that under Montana law that in this case criminality being dependent on [the prosecutrix] having been less than 16 years old on the 10th day of July, 1976, it is a defense for this defendant to prove that he reasonably believed [the prosecutrix] to be above 16 years old at the time of the commission of the alleged offense.

"This burden of proof rests solely upon the defendant, and must be proved by a preponderance of the evidence. * * *"

Prior to the adoption of the Montana Criminal Code of 1973, strict liability was imposed upon a defendant upon proof of a sex crime committed by him upon a female under the age of 18. It was no defense for the defendant to prove he believed the girl to be older, despite the reasonableness of such belief. State v. Reid, (1954), 127 Mont. 552, 267 P.2d 986; Sections 94-4101, 94-4106, R.C.M. 1947 (repealed January 1, 1974).

A majority of states do not recognize the defense of reasonable belief of age. Anno. 8 ALR3d 1100,1102. However the Montana Criminal Code of 1973 expressly recognizes such a defense, patterned after Section 213.6 of the Model Penal Code. Section 94-5-506(1), R.C.M. 1947. The states of Kentucky and Washington have also ameliorated the usual operation of the strict liability statutes punishing statutory rape, through enactment of the statutory defense. Ky. Rev.Stat.Ann. §§ 500.070, 510.030; Wash.Rev.Code Ann. §9.79.160(2). The defense is available in California, not by statute, but by judicial recognition. People v. Hernandez, (1964), 39 Cal.Rptr.361, 393 P.2d 673.

The statute recognizing the defense in Montana, section 94-5-506(1), R.C.M. 1947, states in pertinent part:

> "(1) When criminality depends on the victim being less than sixteen (16) years old, it is a defense for the offender to prove that he reasonably believed the child to be above that age. * * *"

The United States Supreme Court, in the 1977 case of Patterson v. New York, 432 U.S. 197,209, 97 S.Ct. 2319,2326, 53 L ed 2d 281, recognizes the traditional power of the states to define criminal conduct and recognize exculpatory circumstances and, in so doing, to require a defendant to prove he falls within the purview of such circumstances. Specificially regarding ameliorative or exculpatory defenses derived from the

Model Penal Code, including the defense of reasonable belief of age, the Court stated:

> "* * * If the State nevertheless chooses to recognize a factor that mitigates the degree of criminality or punishment, we think the State may assure itself that the fact has been established with reasonable certainty. To recognize at all a mitigating circumstance does not require the State to prove its nonexistence in each case in which the fact is put in issue, if in its judgment this would be too cumbersome, too expensive, and too inaccurate." 432 U.S. 209.

Here, there is no question that the state was required to and did in fact prove every element of the offenses charged, beyond a reasonable doubt. The state therefore satisfied the constitutional mandate that it prove beyond a reasonable doubt every fact necessary to constitute the crime with which defendant was charged. In re Winship, (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L ed 2d 368; Mullaney v. Wilbur, (1975), 421 U.S. 684, 95 S.Ct. 1881, 44 L ed 2d 508.

The jury was duly instructed in accordance with the statute giving rise to the exculpatory defense of reasonable belief of age. The evidence clearly failed to convince the jury defendant had established the defense.

Further, we find the burden of proof of the defense placed on defendant in this case , i.e. by a preponderance of the evidence, to be entirely reasonable. The Montana legislature, in revising the criminal code, provided the existence of the defense of reasonable belief of age, a defense not previously recognized. The state, in such circumstances, retains the power to assure that the facts constituting the defense be established with a reasonable degree of certainty. We find no error in the law as presented by the given instruction in this case.

The judgment of the district court is affirmed.

_____
Justice.

- 5 -

We Concur:

_Frank I. Haswell_

_Gene B Daly_

_Daniel J. Shea_
Justices.

_L. C. Gulbrandson_
Hon. L. C. Gulbrandson,
District Court Judge, sitting.